FILED

2008 MAY 12  PM 3: 31

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF
LOS ANGELES

BY _____

1   **ROBERT MANN**, SBN 48293
2   **DONALD W. COOK**, SBN 116666
    ATTORNEYS AT LAW
3   E-Mail: manncook@earthlink.net
    3435 Wilshire Boulevard., Suite 2900
4   Los Angeles, California 90010
    Telephone: (213) 252-9444
5   Facsimile: (213) 252-0091

6   **CYNTHIA ANDERSON-BARKER**, SBN 175764
7   LAW OFFICE OF CYNTHIA ANDERSON-BARKER
    E-Mail: cablaw@hotmail.com
8   3435 Wilshire Blvd., Suite 2900
    Los Angeles, CA 90010
9   (213) 381-3246

10  **ELLEN HAMMILL ELLISON**, SBN 141429        **OLU ORANGE**, SBN 213653
11  LAW OFFICE OF ELLEN HAMMILL ELLISON          ORANGE LAW OFFICES
    E-Mail: ellenellison1116@yahoo.com           E-Mail: o.orange@orangelawoffice.com
12  3435 Wilshire Blvd., Suite 2900              6080 Center Drive, Sixth Floor
    Los Angeles, California 90010                Los Angeles, California 90045
13  (213) 365-8225                               Telephone: (310) 815-8600
                                                 Facsimile: (775) 416-9221
14

15  Attorneys for Plaintiff

16                  **UNITED STATES DISTRICT COURT**

17                 **CENTRAL DISTRICT OF CALIFORNIA**

18

19  | Henry Fuentes, | Case No.  **CV08 - 03101** (FMO) |
    |---|---|

    Plaintiff,

20                                               **CIVIL RIGHTS and RICO**
                                                 **COMPLAINT WITH INJUNCTIVE**
21  vs.                                          **AND STATE LAW CLAIMS**

22  City of Maywood, Maywood-Cudahy             **DEMAND FOR JURY TRIAL**
    Police Department,  Bruce Leflar, Paul
23  Pine, Officer Urbina and Does 1-30,

24          Defendants.

25

26

27

28

                                -1-                              00031953.WPD

**INTRODUCTION**

1.   This is a RICO and civil rights action brought under 42 U.S.C. §1962, 42 U.S.C. §§1983 and 1985, and various related state laws by plaintiff against the City of Maywood, the Maywood-Cudahy Police Department, and their employees individually and in their official capacities, for injunctive relief and compensatory and punitive damages because of a continuing systematic abuse of authority, including but not limited to unlawful searches and seizures of person and property; wrongful detentions and arrests, false imprisonments, malicious prosecutions, cover ups, false report writing, use of excessive and unnecessary force, sexual assaults and other acts of lawlessness. Plaintiff(s) first filed this action in *Gonzalez v. City of Maywood*, CV 07 3469 ODW (Shx), on May 29, 2007; on January 28, 2008, the Court ordered the Plaintiffs' actions be severed and refiled as a separate case.

**JURISDICTION**

2.   This case is brought pursuant to 18 U.S.C. § 1961 and 42 U.S.C. §§ 1983, 1985 and 1986.  Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 (1-4).  This court also has supplemental jurisdiction over the state claims and over defendants pursuant to 28 U.S.C. § 1367. Plaintiff is a victim of City of Maywood employees acting under color of law and within the scope of their authority and pursuant to the policies and practices of the entities.

**VENUE**

3.   The claims alleged herein arose from events or omissions occurring in the County of Los Angeles.  Therefore, venue lies in the Central District of California. 28 U.S.C. 1391(b)(2).

**PLAINTIFF**

4.  Plaintiff Henry Fuentes is a resident of the County of Los Angeles, State of

California.  At all times material to this complaint, plaintiff was a private person in the State of California, United States of America.

## DEFENDANTS

5.  Plaintiff is informed and believes and thereon alleges that at all times herein mentioned defendants City of Maywood, the Maywood-Cudahy Police Department, and Does 1 through 5, were and are public entities duly organized and existing as such under the laws of and within the State of California under the laws of the United States and the laws of the State of California.

6.  Plaintiff is informed and believes and thereon alleges that at all times herein mentioned defendants Bruce Leflar, Paul Pine, and Does were and/or are police supervisors and/or policymakers for the City of Maywood, the Maywood-Cudahy Police Department and Does 6 through 15, and in such capacity were/are managers and/or chief administrators and/or policy makers.  The named entities, supervisors and Does are responsible for, among other things, the employment, discharge, training, supervision, control, assignment and discipline of all sworn and civilian personnel of their entities and the formulation, promulgation, adoption, application, implementation, administration, enforcement and revocation of the policies and practices of the named entities and Does.

7.  Plaintiff is informed and believes and thereon alleges that the actions of named and Doe supervisors were committed while employed by the entities and represent the customs, practices and policies of the entities.  The acts herein described and complained of were committed and done pursuant to policies, rules, regulations, practices, customs, and/or usages [hereinafter "policies and practices"] of the entities and were created and enforced by the managers and/or supervisors and/or policy makers.

8.  Plaintiff is informed and believes and thereon alleges that the defendants

00031953.WPD

Urbina and Does are individual officers or agents of the City of Maywood and/or the Maywood-Cudahy Police Department and/or others at the times of the acts herein complained of.

9.  The true names and capacities of defendants Does 1-30 are presently unknown to plaintiff; who therefore sues each of these defendants by such fictitious names; but upon ascertaining the true identity and/or liability of a defendant Doe, plaintiff will amend this Complaint or seek leave to do so by inserting the true name in lieu of the fictitious name.  Plaintiff is informed and believes and thereon alleges that each defendant Doe herein is in some manner responsible for the injuries and damages herein complained of.

## INCORPORATION

10.  The above paragraphs are hereby repeated, realleged and incorporated by this reference in each cause of action.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

11.  On or about March 28, 2007, in front of the home of Henry Fuentes located at 4031 E. 58th Street in Maywood, California, Urbina and other unknown Doe officers wrongfully detained, assaulted, battered, threatened, and prepared false official reports for the purpose of covering up their wrongful actions and maliciously prosecuting Henry Fuentes. The entire incident was witnessed by Mr. Fuentes five small children, aged four to twelve. The children were very frightened and cried during the incident.  On that day, Urbina's vehicle was blocking Mr. Fuentes driveway. Mr. Fuentes asked Urbina to move it because there were no parking spaces on the street and he had his five children in the car.  Urbina refused.  Mr. Fuentes then drove up his neighbor's driveway and across his own grass into his own driveway and parked. Urbina walked up to Mr. Fuentes, forcefully twisted his arm behind his back and threw him against the police car.

Urbina then handcuffed Mr. Fuentes and placed him in the police car for about one hour. After that, Mr. Fuentes gave Urbina his driver's license upon request. Urbina asked Mr. Fuentes if he would rather have a ticket or go to jail. Mr. Fuentes opted for the ticket and received one for "driving on the sidewalk." Urbina then told Mr. Fuentes to go inside his house or Urbina would arrest him. Mr. Fuentes later sought medical treatment at a clinic for the injury to his arm. Plaintiff is informed and believes and thereon alleges that defendants committed these wrongful acts because they believed in the existence of and actively participated in the code of silence in the Maywood/Cudahy Police Department allowing them to engage in wrongful conduct and obstruct justice with impunity.

12.   Plaintiff is informed and believes and thereon alleges that defendants' wrongful conduct included but is not limited to fraud, fraud by wire, obstruction of justice, kidnaping and bribery.

13.   Plaintiff is informed and believes there are numerous other similar victims of defendants' wrongful acts who are afraid to seek, and/or unable to seek redress because of their reasonable fears of retaliation, and/or because they are recent immigrants who are reasonably concerned about the lawfulness of their status, and/or because they are unable to find representation.

14.   Plaintiff complied with the provisions of the California Tort Claims Act.

### The Maywood Police Department

15.   Plaintiff is informed and believes and thereon alleges that the Maywood-Cudahy Police Department has for years been a department composed of persons not conforming their conduct to the requirements of the law, or to established standards of proper police practices.

16.   Plaintiff is informed and believes and thereon alleges that the defendants,

officers and supervisors within the Maywood-Cudahy Police Department, invidiously singled out, targeted and violated the rights of recent immigrants and/or persons defendants perceived to be recent immigrants because defendants knew that recent immigrants were easy victims, afraid to exercise their rights, and readily subject to retaliation if they attempted to exercise their rights.

17.  Plaintiff is informed and believes and thereon alleges that the violations of individuals' rights by Maywood-Cudahy officers occurred not because of a few "bad apples" but is instead the result of a culture of lawlessness permeating the entities and constituting and/or proximately caused by their routine practices, including a code of silence and conspiracy to obstruct justice.

18.   Plaintiff is informed and believes and thereon alleges that the Maywood-Cudahy police department regularly hires police officers who have been pushed out of other law enforcement agencies for crimes or serious misconduct, including but not limited to: A former Los Angeles County sheriff's deputy terminated for abusing jail inmates; a onetime Los Angeles Police Department officer fired for intimidating a witness; and an ex-Huntington Park officer charged with negligently shooting a handgun and driving drunk.

19.  Plaintiff is informed and believes and thereon alleges, based in part upon allegations contained in a Superior Court complaint filed by Maywood-Cudahy Officer Pablo Cunningham, one of the named defendants in this action (and in many other federal civil rights actions, as alleged below), that supervisors required officers to "engage in racial profiling and quotas," and that Cunningham was "threatened by [ Police Chief Bruce] Leflar with loss of his job after he refused to engage in racial profiling."  Plaintiff is informed and believes that Cunningham was fired by the Maywood-Cudahy Police Department and then rehired because he threatened to expose

00031953.WPD

improprieties within the department.

20.   Plaintiff is informed and believes and thereon alleges, as pleaded by Defendant Cunningham his Superior Court complaint, that defendants covered up misconduct including excessive force, promoted a code of silence and conspiracy to obstruct justice, hired people unfit to be officers (for improper reasons, including but not limited to their connections to other City officials), extorted people for sex, and took kickbacks and bribes.

21.   Plaintiff is informed and believes and thereon alleges that official public records document that Pine resided in an apartment owned by the proprietors of a tow yard. Plaintiff is informed and believes that the tow yard owner is Maywood Club Tow.

22.   Plaintiff is informed and believes that Pine was permitted to live in the apartment as a quid pro quo for Pine's assistance in causing the towing, impoundment, and sale of vehicles, for the illicit gain of Pine, the City of Maywood, the Maywood-Cudahy Police Department, Does, and others.

23.   Plaintiff is informed and believes and thereon alleges that Maywood Club Tow and/or its owners and/or Does gave money and/or things of value to defendants as a quid pro quo for the assistance and cooperation of defendants in causing the towing, impoundment, and sale of vehicles.

24.   Plaintiff is informed and believes that governing officials of the City of Maywood received money and/or things of value from Maywood City Tow and/or its owners, and/or Does as a quid pro quo for, among other things, starting, continuing, implementing and/or protecting defendants' illicit vehicle towing scheme.

25.   Plaintiff is informed and believes that the Cities of Maywood and Cudahy and the Maywood-Cudahy Police Department did a land-office business with Maywood Club Tow, towing, impounding, confiscating, and selling vehicles, and reaping huge

00031953.WPD

profits in doing so, and that Pine and other defendants were personally involved in this illicit, fraudulent and criminal practice, including the conduct of supposed hearings to determine whether vehicles should be returned to their owners.  The involvement of defendants including Pine in the hearings made them unfair and deprived vehicle owners of due process of law.

26.  Plaintiff is informed and believes and thereon alleges that existence of graft and corruption, and the knowledge of the graft and corruption, within the Maywood-Cudahy Police Department and the City of Maywood, including but not limited to the illicit, fraudulent and criminal scheme to tow, impound and sell vehicles, made it difficult and/or impossible for any supervisor to exercise meaningful supervision and/or to discipline officers who abused people and violated the law, for fear that officers would blow the whistle on the corruption and nepotism including but not limited to the vehicle towing scheme, if any meaningful discipline were threatened or imposed and proximately caused, fostered and contributed to the code of silence and conspiracy to obstruct justice within the department.

27.  Plaintiff is informed and believes that the code of silence and defendants' conspiracy to obstruct justice, and an absence of meaningful supervision and discipline, was each a proximate cause of defendants' violations of Plaintiff's rights.

28.   Plaintiff is informed and believes and thereon alleges that the Maywood-Cudahy Police Department does not have adequate procedures to supervise and/or discipline its employees, including but not limited to the following:

a.   Inadequate reporting requirements, including but not limited to inadequate use-of-force reporting;

b.   Inadequate procedures for documenting and investigating citizens' complaints, including but not limited to refusing to accept citizens' complaints,

failing adequately to documents citizens' complaints, failing to investigate citizens' complaints, and failing to respond to court orders requiring defendants to disclose citizens' complaints.

29.   Failures by all the supervisor, manager and policy-making defendants to provide oversight over the Maywood-Cudahy police, to make them follow the requirements of the Constitution, and/or to stop officers from making false charges against innocent persons and lying to support false charges, among other things, make those defendants liable to plaintiffs.

30.   Plaintiff is informed and believes  that all the injunctive relief prayed for in this complaint is necessary to stop the wide-scale violation of peoples' rights by defendants.

## Scope and Nature of Allegations

31.   Plaintiff is informed and believes and thereupon alleges that officials, supervisors, policy makers and other individuals with the authority to set or modify municipal and/or departmental policy, dejure or defacto, of Defendant City of Maywood, participated in, approved of, ratified and/or failed to prevent the acts by Defendants City of Maywood, Maywood-Cudahy Police Department, Bruce Leflar, Paul Pine, Cunningham and Does 1-30, complained of by Plaintiff.

32.   Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants; including officials, supervisors, watch commanders and other policy makers from Defendant City of Maywood; was the agent, employee or co-conspirator of one other, some, or all of their Co-defendants. Plaintiff is informed, believes and thereupon alleges that each of the defendants, acting individually, and in concert with each other, engaged in a common plan wrongfully to deprive Plaintiff of his rights to: security in Plaintiff's person, property and effects, freedom from

unreasonable searches and seizures, equal protection and due process of law, and of the right to seek redress and obtain compensation for the wrongs committed against Plaintiff.

33.   In doing each and all of the things herein mentioned, or neglecting or intentionally failing to rectify said misconduct, each and all defendants were acting pursuant to a defacto policy and within the scope of such agency, employment and conspiracy and with full permission, knowledge, approval, ratification and support of each other.

**Damages**

34.   By reason of the aforementioned acts of defendants, and each of them, Plaintiff was injured in Plaintiff's health, strength and activity, sustained great mental pain, suffering and shock to Plaintiff's nervous systems, torment, anxiety, anguish, humiliation and severe emotional distress, all to Plaintiff's damage in an amount according to proof at trial.  As a proximate result of the foregoing wrongful acts of defendants, and each of them, property belonging to Plaintiff was damaged and destroyed in an amount according to proof.

35.   Plaintiff is informed and believes and thereon alleges that, by reason of the aforementioned acts of defendants and each of them, Plaintiff was and/or will in the future be required to receive hospital, medical, doctor, nursing, dental and psychological care and treatment, and by reason thereof, will incur expenses related thereto in an amount according to proof at trial.

36.  By reason of defendants' wrongful acts, Plaintiff was injured in Plaintiff's businesses and/or property, including but not limited to being unable to work and earan money, and Plaintiff will in the future be injured in Plaintiff's business and/or property by sustaining a loss and impairment of earnings and earning capacity, in an amount

according to proof at trial.  By reason of defendants' code of silence and conspiracy to obstruct justice, defendants have damaged, impaired and reduced the value of Plaintiff's property interests, including but not limited to Plaintiff's property interest in his right and/or causes of action to obtain redress and compensation for the wrongs committed against Plaintiff.

37.   Defendants acts were done and committed by each individual defendant knowingly, deliberately and maliciously with the intent to oppress, injure and harass Plaintiff (with the exception of the claims by Plaintiff based on negligence) and with reckless indifference to Plaintiff's civil rights, personal security and safety, and by reason thereof, Plaintiff prays for punitive and exemplary damages from and against individual defendants and each of them in an amount according to proof at trial.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### BY PLAINTIFF AGAINST ALL DEFENDANTS
### (Violation of RICO Statute - 18 U.S.C. §§ 1962(c), (d))

38.   This cause of action is brought by Plaintiff for treble damages for injury to his business or property including but not limited to lost employment and accrued interest resulting from the conduct alleged herein, which violates the provisions of 18 U.S.C. §§ 1961-1968 (hereafter "RICO").

39.   The following constitute an enterprise within the meaning of RICO generally and 18 U.S.C. § 1961(4) specifically:

      a.  The Maywood-Cudahy Police Department;

      b.  The City of Maywood;

      c.  Maywood Club Towing Company;

      d.  The Association in Fact of defendants City of Maywood, Maywood-

Cudahy Police Department, Maywood Club Towing Company ("the AIF Enterprise").

40.   Plaintiff is informed and believes and thereon alleges that each enterprise alleged herein is an entity distinct from the pattern of racketeering activity alleged herein; is or was an ongoing organization, formal or informal; and functions or functioned as a continuing unit, to wit:

a.   The City of Maywood is a public entity with a formal structure and capacity engaging in a wide range of activities, only part of which entails the pattern of racketeering activity alleged in this complaint.  The defendants charged with operating it under 42 U.S.C. § 1962 (c) were animated by, among other things, engaging in bribery, obstruction of justice, and fraud.

b.   The Maywood-Cudahy Police Department is a subdivision of the City of Maywood and City of Cudahy whose charge is enforcement of the laws of the State of California and the Cities of Maywood and Cudahy, in which capacity it has a formal structure and engages in a wide range of activities, only part of which entails the pattern of racketeering activity alleged in this complaint. The defendants charged with operating it under 42 U.S.C. § 1962 (c) were animated by, among other things, bribery, extortion, obstruction of justice, and kidnaping.

c.   Maywood Club Towing Company is a formally organized business entity engaged in the business of towing and impounding vehicles under a variety of circumstances, only part of which entails the pattern of racketeering activity alleged in this complaint. The defendants charged with operating it under 42 U.S.C. § 1962 (c) were animated by, among other things, the common purpose of unlawfully impounding vehicles in order to collect and receive the illegal charges resulting from the impound, and implemented the illegal scheme by mail fraud

00031953.WPD

and bribery.

        d.  The AIF Enterprise had an ascertainable structure, comprised of the Maywood-Cudahy Police Department, Maywood Club Towing Company, and the key individuals who directed the enterprise's unlawful activities which included but are not limited to Pine and Does. This structure was distinct from the pattern of racketeering activity in that the enterprise's activities encompassed both lawful and unlawful activities. The AIF Enterprise's associates were animated by common purposes, including but not limited to unlawfully and fraudulently impounding vehicles to collect and receive the illegal charges resulting from the impound and receive kickbacks, and to cover up and conceal their activities by obstructing justice in state and federal civil and criminal proceedings by means of a code of silence. The AIF Enterprise functioned as a continuing unit with continuity in both structure and personnel.

41.  The activities of the enterprises affect interstate commerce in numerous ways, including but not limited to: 1) the use of interstate mail, telephone and wires (including transmission and dissemination of false arrests and false criminal charges); 2) the purchase of materials for use in the enterprises which materials were in the stream of interstate commerce; 3) the provision of federal funds to the Maywood-Cudahy Police Department, received through the stream of interstate commerce; 4) oversight by federal governmental entities of various of the activities of the Maywood-Cudahy Police Department and/or the City of Maywood, involving interstate travel and the expenditure of funds through the stream of interstate commerce; 5) the interstate travel of various of the owners of impounded vehicles to retrieve their impounded vehicles or attempt to do so; 6) the travel, paid from proceeds of the pattern of racketeering activity alleged herein, of members of the Maywood-Cudahy Police Department from California to Las

Vegas; 7) the purchase of tow trucks, and gasoline and equipment for said trucks, used in furtherance of the pattern of racketeering activity alleged herein that reached the purchasers through the stream of interstate commerce.

42.   Defendants' racketeering activities included but are not limited to the following:

a.   Condoning and encouraging the fabrication of evidence including but not limited to the filing of materially false police reports in tended to be used in state and federal civil and criminal proceedings;

b.   Condoning and encouraging a "code of silence,"  which keeps and/or dissuades employees from reporting the misdeeds of fellow employees, and/or causes and/or facilitates the preparation, submission and use of false official reports, and/or making false official statements, and/or perjury; and which thereby obstructs justice in official proceedings, including but not limited to state and federal criminal investigations and proceedings, and/or state and federal civil investigations and proceedings;

c.   Condoning and encouraging officers in the belief that their failure or refusal to participate in the "code of silence" or to cover up or conceal the misconduct of other officers will cause them to be ostracized by other officers, will adversely affect their ability to get support from other officers in dangerous and/or life-threatening situations in the field and will adversely affect their opportunities for promotion and other employment benefits, and which thereby obstructs justice in official proceedings, including but not limited to state and federal criminal investigations and proceedings, and/or state and federal civil investigations and proceedings;

d.   Condoning and encouraging the acceptance of "gratuities," "kickbacks,"

and/or other wrongful and/or illicit compensation, which has the effect of strengthening defendants' code of silence and conspiracy to obstruct justice by making all department employees, including but not limited to supervisors, vulnerable to accusations of misconduct and unable and/or unwilling to accurately report misconduct, and/or to supervise and/or discipline subordinates.

43.   Plaintiff is informed and believes that defendants' code of silence and conspiracy to obstruct justice is and was operative in many state and federal proceedings, including but not limited to the following federal cases:

       a.   *Jose Rodriguez and Guillermo De La Torre  v. City of Maywood*,  CV 99-9898 CBM (Ex);

       b.   *Ortiz v. City of Maywood, Pablo Cunningham, et.al.*,CV 06-3622 DSF (FMOx);

       c.   *Flores v. City of Maywood, Pablo Cunningham,* CV 04-7565 GPS (Ex)

       d.   *Pacheco v. City of Maywood, Pablo Cunningham, et.al.*, CV 06-7613 PSG (FFMx);

       e.   *Cruz v. City of Maywood, Paul [Pablo] Cunningham*, CV 07-1999 PSG (JCx);

       f.   *Sena  v. City of Maywood, et.al.*, CV 07-1724 AHM (Jcx);

       g.   *Trujillo v. City of Maywood, et.al*., CV 06-2738 PA (VBKx);

       h.   *Gonzalez v. City of Maywood, et.al*., CV 05-6953 RJK (VBKx);

       i.   *Anderson (Estate) v. City of Maywood, et.al*.,CV 04-10119 RGK (Shx);

       j.   *Densmore v. Maywood, et.al.*, CV 06-3535 PSG (Rzx).

///

///

///

00031953.WPD

### SECOND CAUSE OF ACTION
### (Violation of Civil Rights - 42 U.S.C. § 1983)
### *Monell* and Supervisorial Liability

44.  Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, above named defendants with deliberate indifference, gross negligence and/or reckless disregard for the safety, security and constitutional and statutory rights of Plaintiff maintained, enforced, tolerated, permitted, acquiesced in, and/or applied *inter alia* policies and practices which included directing and controlling the unlawful acts complained of herein.

45.  Said defendants and each of them, acting under color of state law, have deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States, in particular by the First, Fourth, Fourteenth Amendments to the United States Constitution by *inter alia* maintaining, enforcing, tolerating, permitting, acquiescing and, and/or applying the policies and practices set forth above. As a direct and proximate result of those policies and practices, Plaintiff sustained injury and damage as described herein.

46.  Plaintiff is informed and believes and thereon alleges that the supervisorial defendants ordered, authorized, acquiesced in, tolerated, or permitted other defendants herein to engage in the unlawful and unconstitutional actions, policies, and practices set forth above.  Defendants' conduct alleged herein constitutes a pattern of illicit law enforcement behavior, and statutory and constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross negligence, or reckless disregard for the safety, security and constitutional and statutory rights of Plaintiff which violations include:

a.   Stopping, detaining, and/or arresting people and/or entering homes, and/or searching and/or seizing property and people, without required warrants,

00031953.WPD

reasonable suspicion and/or probable cause;

b.  Using unreasonable and/or excessive force;

c.  Allowing and/or encouraging employees to brutalize, hurt and/or injure members of the public, by failing to require effective use-of-force training, supervision, discipline and reporting, including but not limited to not requiring employees to report uses of force, by permitting and/or encouraging false and/or misleading and/or incomplete reporting, and/or by failing adequately to monitor employee uses of force;

d.  Condoning, tolerating and/or acquiescing in officers' engaging in racist conduct and/or racially motivated attacks on minority members of the community, and/or using racist speech when speaking with minorities and/or denigrating the race and/or nationality of minority members of the community;

e.  Condoning, tolerating and/or acquiescing in officers' sexually abusing members of the community, including minors;

f.   Failing adequately to investigate incidents involving the use of unreasonable force and/or other misconduct;

g.  Conducting investigations in such a manner as to conceal misconduct, including but not limited to using investigative techniques and procedures known to have that effect;

h.  Condoning and encouraging the fabrication of evidence including but not limited to the filing of materially false police reports;

i.  Condoning and encouraging a "code of silence,"  which keeps and/or dissuades employees from reporting the misdeeds of fellow employees, and/or causes and/or facilitates the preparation, submission and use of false official reports, and/or making false official statements, and/or perjury; and which thereby

obstructs justice in official proceedings, including but not limited to state and federal criminal investigations and proceedings, and/or state and federal civil investigations and proceedings;

j.  Condoning and encouraging officers in the belief that their failure or refusal to participate in the "code of silence" or to cover up or conceal the misconduct of other officers will cause them to be ostracized by other officers, will adversely affect their ability to get support from other officers in dangerous and/or life-threatening situations in the field and will adversely affect their opportunities for promotion and other employment benefits, and which thereby obstructs justice in official proceedings, including but not limited to state and federal criminal investigations and proceedings, and/or state and federal civil investigations and proceedings;

k. Condoning and encouraging the acceptance of "gratuities," "kickbacks," and/or other wrongful and/or illicit compensation, which has the effect of making supervisors within the department vulnerable to accusations of misconduct and unable and/or unwilling to effectively supervise and/or discipline subordinates;

l.  Hiring individuals who are unsuited for police work, including but not limited to hiring individuals who have been fired or disciplined by other law enforcement agencies because they engaged in misconduct; and/or failing to conduct appropriate and/or required background investigations.

47.  Defendants and each of them, acting under color of state law, have deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States, in particular by the First, Fourth, and Fourteenth Amendments to the United States Constitution by *inter alia* maintaining, enforcing, tolerating, permitting, acquiescing and, and/or applying the policies and practices set forth above.  As a direct

00031953.WPD

and proximate result of those policies and practices, Plaintiff has sustained injury and damage as described hereinafter.

48.   Plaintiff is informed and believes and thereon alleges that defendant entities and supervisorial defendants ordered, authorized, acquiesced in, tolerated, or permitted other defendants herein to engage in the unlawful and unconstitutional actions, policies, and practices set forth above.  Defendants' conduct alleged herein constitutes a pattern of intimidation, illicit law enforcement behavior, and statutory and constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross negligence, or reckless disregard for the safety, security and constitutional and statutory rights of Plaintiff.

### THIRD CAUSE OF ACTION
### (Violation of Civil Rights -  42 U.S.C. § 1983)
### Against All Individually Named Defendants

49.   Defendants and each of them, acting under color of state law, did without probable cause and by use of excessive force unlawfully detain, arrest, batter, search, molest and write false reports about Plaintiff, and did do all of the above in a conspiratorial manner for the purpose of illegally obtaining criminal conviction(s) against Plaintiff and to conceal their own wrongdoing and did also do so to intimidate Plaintiff's witness(es) in said criminal prosecutions for the same improper purposes, all of which were intended with deliberate indifference of and reckless disregard for Plaintiff's constitutional rights under the First, Fourth and Fourteenth Amendments to the United States Constitution.  As a direct and proximate result of defendants' acts, Plaintiff sustained injury and damage as set forth herein.

### FOURTH CAUSE OF ACTION
### (Violation of 42 U.S.C. §1985(2))
### Against All Individually Named Defendants

50.   Defendants, and two or more of them, in the State of California, County of

-19-

Los Angeles, and City of Maywood-Cudahy, by reason of Defendants' animus against minorities, including Plaintiff's Latino heritage and invidious animus, conspired together to act and to fail and omit to act as hereinbefore alleged, for the purpose of (I) impeding, hindering, obstructing, and defeating the due course of justice in the State of California and County of Los Angeles, (ii) to deny Plaintiff his right to free speech, (iv) to deny equal protection of the laws to Plaintiff and (v) to subject Plaintiff's persons and property to unlawful search and seizure thereby depriving Plaintiff of immunities secured by the Constitution and the laws of the United States, including the First, Fourth and Fourteenth Amendments to the Unites States Constitution, by, *inter alia*, ordering, authorizing, maintaining, enforcing, tolerating, ratifying, permitting, acquiescing in, and/or applying the policies and practices set forth hereinabove. Defendants' conspiracy was and is motivated by animus directed against Plaintiff because of his race, color or national origin, and/or by the race, color, or national origin of persons with whom they associated, and/or by other class-based, invidiously discriminatory animus directed against Plaintiff.  In furtherance of the conspiracy one or more of the defendants committed one or more of the overt acts set forth hereinabove which did in fact deprive Plaintiff of equal rights, privileges or immunities.

51.  Defendants, and each of them, purposefully, under color of law, planned and conspired to deny Plaintiff equal protection of the laws in the following respects:

a.  to deny the right to be free from unreasonable search and seizure;

b.  to deny the right not to be deprived of life, property or liberty without due process of law;

c.  to deny the right of free speech;

d.  to be free from use of excessive force.

52.  By virtue of the foregoing, defendants, and each of them, violated 42 U.S.C.

§1985(2).

53.  As a direct and proximate result of the foregoing, Plaintiff has been damaged as recited above and demand and isentitled to the damages recited above, including, but not limited to, general and punitive damages (except entities) and attorney's fees.

**FIFTH CAUSE OF ACTION**
**(Violation of 42 U.S.C. §1985(3))**
**Against All Individually Named Defendants**

54.  By virtue of the foregoing, Defendants, and two or more of them, conspired for the purpose of:

a.  depriving Plaintiff of (1) equal protection of the law; and (2) liberty and property without due process of law.

55.  Defendants, and each of them, did and caused to be done, an act or acts in furtherance of the object of the conspiracy, whereby Plaintiff was deprived of the rights and privileges as set forth above.

56.  As a direct and proximate result of the foregoing, Plaintiff is entitled to and demands damages against defendants, jointly and severally, as recited in the First and Second Causes of Action, including, but not limited to, general and punitive damages (except entities) and attorneys fees.

**SIXTH CAUSE OF ACTION**
**(California Constitution, Article I, §§ 1, 7, and 13)**
**Against All Defendants**

57.  The conduct of each defendant in detaining, searching, arresting, and assaulting Plaintiff and in threatening and in doing or failing to do the other wrongful acts herein alleged was done for the purpose of interfering with and attempting to interfere with Plaintiff's rights to freedom of expression, to be free from unreasonable invasions of their privacy and unreasonable search and seizure, and to be accorded due process and equal protection under Article I, §§ 1, 7 and 13 of the California

00031953.WPD

Constitution.

## SEVENTH CAUSE OF ACTION
### (California Civil Code §52.1)
### Against All Defendants

58.   The conduct of each defendant in detaining, searching, and assaulting Plaintiff and in threatening and in doing or failing to do the other wrongful acts herein alleged was done for the purpose of interfering with and attempting to interfere with Plaintiff's rights under the First, Fourth and Fourteenth Amendments and Plaintiff's right to freedom of expression, to be free from unreasonable invasions of his privacy and unreasonable search and seizure and accorded due process and equal protection under Article I, §§ 1, 7, 12, and 13 of the California Constitution, and for that reason violated Plaintiff's rights under California Civil Code Section 52.1(b).  Plaintiff is informed and believes and thereon alleges that the defendants' wrongful acts were done maliciously and criminally and for the purpose of inflicting injury on Plaintiff.

59.   As the proximate cause of defendants' and each of their conduct as hereinbefore alleged, Plaintiff has been damaged in an amount not presently ascertained, but subject to proof at trial.

60.  Plaintiff is informed and believes and thereon alleges that Defendants' and each of their conduct was malicious, willful, fraudulent and oppressive, done with a conscious disregard for Plaintiff's rights and with the intent to injure Plaintiff, thereby justifying the award of exemplary damages (except for entities) in a sum to be determined according to proof.

## EIGHTH CAUSE OF ACTION
### (California Civil Code Section 51.7)
### Against All Defendants

61.  Plaintiff is informed and believes and thereon alleges that the conduct of each defendant in using force upon and injuring Plaintiff and in threatening and attempting

00031953.WPD

to use force upon and injure Plaintiff, and in doing or failing to do the other wrongful acts herein alleged was motivated by defendants' invidious racial and/or ethnic and/or other impermissible animus toward Plaintiff, and for that reason violated Plaintiff's rights under California Civil Code § 51.7.  Plaintiff is informed and believes and thereon alleges that the defendants' wrongful acts were done maliciously and criminally and for the purpose of inflicting injury on Plaintiff.

### NINTH CAUSE OF ACTION
**(Assault and Battery)**
**Against all Defendants**

62.   At the date, time and location, defendants, and each of them, as either employees, supervisors or employees in the course and scope of their duties intentionally and maliciously abused Plaintiff by reason of the acts alleged herein above causing Plaintiff, without provocation, necessity or lawful justification, to suffer said violations of their civil rights.

63.   As a proximate result of the acts of defendants, and each of them, as herein alleged, Plaintiff was compelled to expend money all to their damage in an amount according to proof.

64.   As a proximate result of the acts of defendants, and each of them, Plaintiff was injured in health, strength and activity, sustaining injuries to his body  and shock and injury to his nervous systems and persons; all of which injuries have caused Plaintiff to suffer severe pain and mental anguish.

65.   As a further proximate result of the acts of defendants, and each of them, Plaintiff was required to and/or did employ physicians and surgeons for medical examination, treatment and care of injuries, and did incur medical and incidental expenses.  Plaintiff did incur and will incur further treatment, the exact amount of which is unknown at this time.

00031953.WPD

66.   As a further proximate result of the acts of defendants, Plaintiff was prevented from attending to his usual occupations and thereby lost earnings and income.

67.   The acts of defendants, and each of them, were willful, malicious and oppressive, in conscious disregard of Plaintiff's  known rights and thereby justify the awarding of exemplary damages (except entities) according to proof.

**TENTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**
**Against all Defendants**

68.  Plaintiff was entitled to the due care, service and protection of the entities and their officers and medical staff.

69.  On or about the dates alleged above and thereafter, Defendants caused the Plaintiff to be unlawfully detained, seized, beaten and/or otherwise abused without reasonable cause or justification.

70.   In doing the aforementioned acts, defendants' conduct was intentional, outrageous, malicious, and done for the specific purpose of causing Plaintiff to suffer extreme emotional distress, indignity, fear, anxiety, and mental anguish.

71.   As a direct and proximate result of the foregoing, Plaintiff has suffered, and continue to suffer, severe mental, emotional and physical distress and are entitled to and demands damages against defendants.

**ELEVENTH CAUSE OF ACTION**
**(Negligent Employment Civil Code §1714)**
**Against Entities and Supervisor Defendants**

72.  Defendant entities and supervisor defendants knew or in the exercise of due care should have known, that individually named defendants and Does 1 Through 30 inclusive, and each of them, had a propensity, character trait, and practice for dishonesty, deception, abuse of authority, harassment, and violence without justification against Plaintiff and other members of the public.

73.  At all times material herein, said Defendant entities and supervisors knew or with reasonable care should have known, that the aforedescribed traits of character, practices and propensities of defendants and Does 1 through 30 inclusive, and each of them, made them unfit to serve as law enforcement officers.

74.  Notwithstanding such knowledge, Defendant entities and supervisors negligently and carelessly employed and retained and failed to properly supervise, train and control defendants and Does 1 through 30 inclusive, and each of them, as employees and assigned said defendants to duties which enabled each of them to abuse their authority, including but not limited to making unlawful detentions and arrests by use of excessive force, warrantless arrests, fabricating probable cause and crimes, causing the fraudulent and malicious criminal prosecution of innocent persons while purporting to act under the color of law.

75.  As a proximate result of the negligent retention and supervision of defendant entities and supervisors and each of them, Plaintiff suffered damages and injuries, including but not limited to false arrests/detentions, beatings, malicious prosecutions, severe mental anguish, emotional distress, severe embarrassment, financial losses, all to the Plaintiff' damage in a sum according to proof.

**TWELFTH CAUSE OF ACTION**
**(Negligence/Civil Code § 1714))**
**Against All Defendants**

76.  Plaintiff alleges that by the actions or omissions set forth above, all defendants failed to use and exercise reasonable care as is required by Civil Code § 1714.  In particular, defendants failed to exercise reasonable care in its conduct in the exercise of their duties.

77.  As a proximate result of the negligence and carelessness of defendants, and each of them, Plaintiff suffered damages as alleged above  in a sum according to proof.

00031953.WPD

**INJUNCTIVE RELIEF**

78.  Plaintiff is informed and believes and thereon alleges that, unless enjoined, as requested in the prayer, defendants will continue to engage in the unlawful acts and in the policies and practices described above, in violation of the legal and constitutional rights of the Plaintiff. Plaintiff face the real and immediate threat of repeated and irreparable injury and continuing, present adverse effects as a result of the unlawful misconduct, policies and practices of the defendants.  Plaintiff has no adequate and complete remedy at law.

**PRAYER**

Wherefore, Plaintiff prays judgment against defendants and each of them, as follows:

As to each cause of action at to each Plaintiff as applicable:

1.  For general damages according to proof;

2.  For special damages according to proof;

3.   For statutory damages under Cal. Civ. Code §§ 52(a) and/or (b), 52.1(b), California Code of Civil Procedure 1021.5, and under any other applicable statute or theory;

4.  For punitive damages against each individual Defendant;

5.  For attorney's fees pursuant to 42 U.S.C. §1988, California Civil Code §52.1, California Code of Civil Procedure 1021.5, and under any other applicable statute or theory;

6.  For costs of suit;

7.  Declaring, pursuant to 28 U.S.C. §§ 2201-2202 that the acts, policies, rules, regulations, practices, customs, and usages that the defendants engaged in as set forth above violate the legal and constitutional rights of the Plaintiff.

00031953.WPD

8. Permanently enjoining defendants and their agents, employees, and successors, and all persons in active concert or participation with defendants, from engaging in the unlawful and unconstitutional acts, policies, rules, regulations, practices, customs, and usages set forth above.

9. Placing the Maywood-Cudahy Police Department under the direct supervision and control of a receiver or special master to be appointed by the Court; directing the receiver or special master to review all existing written and unwritten policies and procedures of defendants with respect to the acts, policies, rules, regulations, practices, customs, and usages set forth above; directing the receiver or special master to modify, amend, or revoke, or to confirm and enforce, existing policies and procedures and to establish such new or additional written policies and procedures as may be necessary and proper; and directing the receiver or special master to implement and enforce appropriate written policies and procedures with respect to the following subjects, among others:

a. Ensuring compliance with constitutional standards governing the use of firearms, the use of force, the conduct of searches, and the use of deadly force.

b. Providing adequate training, certification, and periodic recertification of all officers in the lawful use of force, including firearms and other deadly force.

c. Specifying departmentally approved weaponless control techniques, and providing for adequate training, certification, and periodic recertification of all officers in the use of such techniques.

d. Ensuring that members of the public injured by officers receive prompt and appropriate medical care, and that their injuries are catalogued and recorded in police reports and by photographs of all such injuries.

00031953.WPD

e.  Requiring that all persons in custody be transported to a hospital for examination and treatment by a medical doctor whenever:

    i.   the person sustains a head injury, strikes his or her head on a hard object, or sustains a blow to the head, regardless of how minor any such injury may appear;

    ii.  the person is choked or is subjected to any control hold involving the neck, regardless of whether or not the person is rendered unconscious;

    iii.  the person has any injuries that appear to require medical attention;

    iv.  the person requests medical treatment, regardless of whether or not the person has any apparent injuries.

f.  Prohibiting the use of saps in any circumstances, and prohibiting the use of head strikes and strikes to other vital areas of the body by batons or flashlights, punches or kicks, except in cases where there is legal justification for the use of deadly force.

g.  Requiring that searches be conducted in a manner which inflicts the least amount of damage necessary in order to conduct an adequate search; that officers be required to photograph or videotape the premises before and after each and every search; that officers return to their original location and condition all items displaced in any search; and that the Maywood-Cudahy Police Department pay for the repair or replacement of any property unnecessarily damaged or destroyed in the course of any search.

h.  Recording in writing each instance in which an officer is involved in the use of force in arresting a suspect or in detaining any person, regardless of

whether an arrest is made.

i.  Requiring that any officer who participates in or witnesses any incident involving the use of force by an officer shall prepare and submit a departmental report containing detailed information regarding the incident, including:

      i.    A full description of the actions of the suspect or member of the public which made the use of force necessary;

      ii.    A full description of the specific force used or observed by the officer;

      iii.    A full description of any injuries or complaints of injuries sustained by the suspect or member of the public, including photographs or videotapes of the suspect or member of the public;

      iv.    A full description of any medical treatment received by and any refusal of such treatment by the suspect or member of the public.

j.  Establishing a system that allows an immediate on-duty supervisor to readily access a historical record of any officer who has used force in a period of at least the last 5 years, including the identity of the officer(s) involved in the use of force, the file number(s) of the report(s) in which the use of force is reported, and a description of the nature of the force used (*e.g.,* "intentional head strike with baton"; "accidental head strike with flashlight"); requiring periodic review of such records for patterns of unjustified use of force by officers and institution of disciplinary proceedings where appropriate; requiring review of such records whenever a supervisor prepares a departmental performance evaluation of any officer; and requiring that performance evaluations include documentation of any

patterns concerning the unjustified use of force.

k.  Providing that, in any situation in which deadly force has been used by an officer and death or serious injury has resulted, there shall be an administrative review of the use of force to determine whether it was in compliance with departmental policy and constitutional standards, and whether departmental policy should be modified in view of the circumstances surrounding the use of such force.

l.  Requiring that, in departmental investigations of officer-involved shootings, other use of deadly force by officers, or complaints of officer misconduct:

    i.  all percipient witnesses (including officers) be segregated from each other as soon as practicable after the incident;

    ii.  such witnesses not be permitted to discuss the incident with any other witness until after all witnesses have been interviewed by departmental investigators;

    iii.  such witnesses not be informed of the contents or substance of the statements of other witnesses until after all witnesses have been interviewed by departmental investigators; and

    iv.  all witness interviews, including interviews of involved officers, be fully and completely tape-recorded.

m.  Indexing by individual officer and maintaining files of complaints by members of the public, Cal. Govt. Code § 910 claims, and lawsuits concerning officer misconduct; adequately investigating such complaints, claims, and lawsuits; and using such files to monitor the conduct of officers.

n.  Requiring psychological testing and counseling of officers with a record

of using unreasonable or excessive force, making false arrests, filing false charges, engaging in related acts of dishonesty, or engaging in racially motivated misconduct.

o.  Maintaining a promotional system which penalizes officers for instances of unjustified use of firearms or unjustified use of force, violence, sexual innuendo, dishonesty, racial or ethnic bias, or other misconduct.

p.   Requiring dismissal of officers involved in instances of sexual misconduct, and/or repeatedly involved in instances of unjustified use of firearms or unjustified use of force, violence, dishonesty, racial or ethnic bias, or other misconduct.

q.  Requiring that, where an investigation discloses any improper use of force by an officer, particularly improper use of force which causes serious bodily injury as defined in Cal. Penal Code § 243, that matter should be referred to the District Attorney's Office for consideration of filing a criminal complaint.

r.  Requiring that, whenever any officer has been judicially determined to have engaged in a violation of constitutional or civil rights, whenever a monetary settlement has been made or a judgment has been rendered based on the use of excessive force by an officer, or whenever any arrest has been made as to which an officer claims to be the victim of a crime:

      i.   a departmental investigation be conducted, regardless of any earlier investigation or the findings thereof;

      ii.   The investigators review all evidence introduced at trial or provided to them by any person, and that they interview all known witnesses including Plaintiff's trial experts, and interview Plaintiff's counsel in any lawsuit alleging officer

misconduct;

iii.    a full report be made to the Chief of Police and to the receiver or special master with recommendations for or against disciplinary or criminal sanctions against the officer.

s. Directing that the defendants seek tangible ways (for example, through disciplinary measures) to establish the principle that racial and ethnic bias will not be tolerated within the Maywood-Cudahy Police Department, and that the defendants establish an adequate program of cultural awareness training and periodic retraining to eliminate racial or ethnic stereotypes for all officers.

t.    Directing that the defendants seek tangible ways to establish the principle that gender bias and discrimination and sexual misconduct will not be tolerated within the Maywood-Cudahy Police Department, and that the defendants establish an adequate program of gender awareness training and periodic retraining to eliminate any and all gender discrimination and sexual misconduct.

10.  For such other and further relief as the Court may deem proper.

DATED: May 12, 2008

**CYNTHIA ANDERSON-BARKER**
**ELLEN HAMMILL ELLISON**
**OLU ORANGE**
**ROBERT MANN**
**DONALD W. COOK**
ATTORNEYS AT LAW

By _____
Donald W. Cook
Attorneys for Plaintiff

-32-                                                    00031953.WPD

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

DATED: May 12, 2008

**CYNTHIA ANDERSON-BARKER
ELLEN HAMMILL ELLISON
OLU ORANGE
ROBERT MANN
DONALD W. COOK**
ATTORNEYS AT LAW

By_____
Donald W. Cook
Attorneys for Plaintiff

00031953.WPD